United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Louis Levine, | NO. C 10-03608 JW |
| Teamsters Union Local #142 Pension Trust, | NO. C 10-03659 JW<br>NO. C 10-03660 JW<br>NO. C 10-03716 JW |
| Key West Police & Fire Pension Fund, | **ORDER CONSOLIDATING CASES; APPOINTING CO-LEAD CLASS PLAINTIFFS AND CO-LEAD CLASS COUNSEL** |
| Louisiana Muni. Police Emp. Ret. Sys., | |
| Plaintiffs. | |
| v. | |
| Marc L. Andreessen, et al., | |
| Defendants. | |

Presently before the Court are Plaintiffs Teamsters Union and Key West's Motion to Consolidate Related Derivative Actions and Appoint Lead Counsel[1] and Plaintiffs Levine and Louisiana Municipal Police Employees Retirement System's ("LAMPERS") Motion to Coordinate Related Cases and Appoint Lead Counsel as to Claims Under State Law.[2] Plaintiffs Teamsters Union and Key West move to appoint BTKMC as Lead Class Counsel. (See Motion to Consolidate at 1.) Plaintiffs Levine and LAMPERS move to appoint Barrack, Rodos & Bacine as Lead Class Counsel as to the state law claims. (See Motion to Coordinate at 1.)

---

[1] (Plaintiffs' Motion to Consolidate Related Derivative Actions and to Appoint Lead Counsel, hereafter, "Motion to Consolidate" CV 10-03608-JW, Docket Item No. 43.)

[2] (Memorandum in Support of Plaintiffs' Motion to Coordinate Related Cases and Appoint Barrack, Rodos & Bacine as Sole Lead Counsel as to Claims Under State Law, hereafter, "Motion to Coordinate," CV 10-03608-JW, Docket Item No. 32.)

1  The Court finds it appropriate to take the Motions under submission without oral argument.
2  See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court GRANTS in part Plaintiffs
3  Teamsters Union and Key West's Motion to Consolidate; DENIES in part Plaintiffs Levine and
4  LAMPERS's Motion to Coordinate; appoints Plaintiffs Teamsters Union, Key West, Levine and
5  LAMPERS as Co-Lead Derivative Plaintiffs; and appoints BTKMC and Barrack, Rodos & Bacine
6  as Co-Lead Class Counsel.

**A.  Consolidation of Actions**

At issue is whether the four related Actions should be consolidated or coordinated.

A district court has broad discretion to consolidate actions involving "common issues of law or fact." Fed. R. Civ. P. 42(a); Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989). In exercising its broad discretion to order consolidation, a district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. U.S., 743 F.2d 703, 704 (9th Cir. 1984).

Here, upon review of the Complaints in all four Actions, the Court finds that each case presents similar factual and legal issues. Plaintiffs in each Action allege that certain officers and directors of Nominal Defendant HP breached their fiduciary duty to properly manage business assets in relation to the same employee's separation agreement. The Actions are also at similarly early stages of litigation—Defendants have not yet responded to the Complaint in any of the Actions. Further, as each Action is a putative derivative class action, the issues concerning class certification will be substantially duplicative. While the PSLRA discovery stay will apply to the state law claims following consolidation, the Court does not find this inconvenience sufficiently significant to weigh against the benefits of consolidation. Given these similarities and the lack of any apparent inconvenience, delay or expense that would result from consolidating the cases, the Court finds that consolidation of the Actions is appropriate.[3]

---

[3] The parties dispute whether demand futility applies to derivative actions for waste under Delaware law. (Plaintiffs Louis Levine and LAMPERS Response in Opposition to Motions to Consolidate at 12-14, Docket Item No. 50; Nominal Defendant HP's Opposition to Levine and

2

1   Accordingly, the Court consolidates related cases C 10-03659, C 10-03660, C 10-03716 with
2   CV 10-03608.

**B.   Appointing Lead Counsel** [4]

Upon consolidation, pursuant to Rule 42(a), the district court, "if it sees fit, may appoint one or more attorneys as liaison counsel, lead counsel, or trial counsel for the consolidated cases and accordingly assign the designated lawyers specific responsibilities." 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Federal Rules of Civil Procedure § 2385 (2006).

Upon review of the applications, the Court finds good cause to appoint the firms for all four actions as Co-Lead Counsel in the consolidated case.

Accordingly, the Court appoints BTKMC and Barrack, Rodos & Bacine as Co-Lead Class Counsel.

**C.   Appointing Lead Derivative Plaintiffs**

Federal Rule of Civil Procedure 23.1 provides general guidance for selecting an adequate plaintiff in derivative actions by shareholders, stating in pertinent part: "The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interest of the shareholders or members similarly situated in enforcing the right of the corporation or association." According to the Ninth Circuit, for purposes of Rule 23.1, "[a]n adequate representative must have the capacity to vigorously and conscientiously prosecute a derivative suit and be free from economic interests that are antagonistic to the interests of the class." See Larson v. Dumke, 900 F.2d 1363, 1367 (9th Cir. 1989) (citing Lewis v. Curtis, 671 F.2d 779, 788-89 (3d Cir.),

---

LAMPERS Motion to Coordinate at 9-11, Docket Item No. 53.) The Court finds that this complex legal issue must be decided on fully briefed motions and not simply as an objection raised as part of an opposition to a consolidation Motion. Thus, the Court declines to address the merits of this contention at this time.

[4] The selection of lead plaintiff and counsel in shareholder class actions is governed by Federal Rule of Civil Procedure 23(a) and section 21(d) of the Private Securities Litigation Reform Act of 1995 (PSLRA). See 15 U.S.C. § 78u-4(a)(3). The Ninth Circuit provided additional, specific guidance for selecting lead plaintiffs in securities class actions in In re Cavanaugh, 306 F.3d 726, 729-30 (9th Cir. 2002). These rules do not apply to a pure derivative shareholder action brought on behalf of the corporation under Rule 23.1. Hacker v. Peterschmidt, 2006 WL 2925683, at *2-3 (N.D. Cal. Oct. 12, 2006).

United States District Court
For the Northern District of California

cert. denied, 459 U.S. 880 (1982)). The Ninth Circuit has further held that an evaluation of the following factors is important in determining the adequacy of representation by a derivative plaintiff under Rule 23.1:[5]

> (1) indications that the plaintiff is not the true party in interest;
> (2) the plaintiff's unfamiliarity with the litigation and unwillingness to learn about the suit;
> (3) the degree of control exercised by the attorneys over the litigation;
> (4) the degree of support received by the plaintiff from other shareholders;
> (5) the lack of any personal commitment to the action on the part of the representative plaintiff;
> (6) the remedy sought by plaintiff in the derivative action;
> (7) the relative magnitude of plaintiff's personal interests as compared to his interest in the derivative action itself; and
> (8) plaintiff's vindictiveness toward the defendants.

Larson, 900 F.2d at 1367. "These factors are intertwined or interrelated, and it is frequently a combination of factors which leads a court to conclude that the plaintiff does not fulfill the requirements of 23.1." Id. (internal quotation omitted). While these factors are usually used to determine the adequacy of a plaintiff facing a motion to dismiss, motion for summary judgment, or other substantive motions, they appear suitable as well for informing the selection of a lead plaintiff at the consolidation stage. Hacker, 2006 WL 2925683, at *2-3.

Here, the Court finds the lead Plaintiffs for each of the four related actions adequate to represent the class as Co-Lead Derivative Plaintiffs. Each Plaintiff is a true party in interest, is familiar with the suit and willing to learn and have all demonstrated a personal commitment to the litigation in their initiation of their individual actions. Thus, the Court finds good cause to appoint all four as Co-Lead Derivative Plaintiffs.

Accordingly, the Court appoints Plaintiffs Teamsters Union, Key West, Levine and LAMPERS as Co-Lead Derivative Plaintiffs.

---

[5] The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

**D. Conclusion**

The Court GRANTS in part Plaintiffs Teamsters Union and Key West's Motion to Consolidate and DENIES in part Plaintiffs Levine and LAMPERS's Motion to Coordinate as follows:

(1) The Court consolidates the Actions— CV 10-03659, CV 10-03660, CV 10-03716 and CV 10-03608—into one action. The Clerk of Court shall consolidate these actions such that the earliest filed action, CV 10-03608, is the lead case. All future filings shall be in CV 10-03608 and bear the caption: "In re HP Derivative Litigation." Since the later actions are now consumed in the first filed action, the Clerk shall administratively close CV 10-03659, CV 10-03660, and CV 10-03716.

(2) The Court appoints Plaintiffs Teamsters Union, Key West, Levine and LAMPERS as Co-Lead Derivative Plaintiffs.

(3) The Court appoints BTKMC and Barrack, Rodos & Bacine as Co-Lead Counsel.

(4) On or before **December 3, 2010**, Plaintiffs shall file an Amended Consolidated Complaint.

The parties shall appear for a Case Management Conference on **December 20, 2010 at 10 a.m.** On or before **December 10, 2010**, the parties shall file a Joint Case Management Statement with their proposals as to how this case should proceed consistent with the PSLRA.

Dated: November 1, 2010

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Amy Wintersheimer Findley awintersheimer@allenmatkins.com
Brady Richard Dewar bdewar@morganlewis.com
Diane Leslie Webb dwebb@morganlewis.com
Dwight Ludden Armstrong darmstrong@allenmatkins.com
Eric L. Zagar ezagar@btkmc.com
Erik David Peterson epeterson@btkmc.com
Franklin Brockway Gowdy fgowdy@morganlewis.com
James Elliot Lyons jlyons@skadden.com
Jeren Wei jwei@allenmatkins.com
Jill Marie Baisinger jbaisinger@morganlewis.com
Karen A. Pieslak Pohlmann kpohlmann@morganlewis.com
Katherine Leigh Henderson khenderson@wsgr.com
Keith Paul Bishop kbishop@allenmatkins.com
Lawrence David Lewis llewis@allenmatkins.com
Marc J. Sonnenfeld msonnenfeld@morganlewis.com
Ramzi Abadou rabadou@btkmc.com
Robin Winchester rwinchester@sbtklaw.com

**Dated: November 1, 2010**          **Richard W. Wieking, Clerk**

                                     **By:    /s/ JW Chambers**
                                            **Elizabeth Garcia**
                                            **Courtroom Deputy**