STEVEN M. SCHATZ, State Bar No. 118356
sschatz@wsgr.com
BORIS FELDMAN, State Bar No. 128838
boris.feldman@wsgr.com
DOUGLAS J. CLARK, State Bar No. 171499
dclark@wsgr.com
KATHERINE L. HENDERSON, State Bar No. 242676
khenderson@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION
650 PAGE MILL ROAD
PALO ALTO, CA 94304-1050
TELEPHONE:  (650) 493-9300
FACSIMILE:   (650) 565-5100

MARC J. SONNENFELD (*Pro Hac Vice*)
msonnenfeld@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 MARKET STREET
PHILADELPHIA, PA 19103-2921
TELEPHONE:  (215) 963-5000
FACSIMILE:   (215) 963-5001

Attorneys for Nominal Defendant
HEWLETT-PACKARD COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HP DERIVATIVE LITIGATION | Case No.:  10-CV-3608 JW<br>(Consolidated Action)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: January 24, 2011<br>Time: 10:00 a.m<br>Dept: 8 |

1    Pursuant to the Court's December 14, 2010 Order, the parties have met and conferred and

2    hereby submit the following Joint Case Management Statement setting set forth their respective

3    positions with regard to the proceeding of this action consistent with the PSLRA.

4    **I.    Positions of the Parties with Regard to Staying this Consolidated Action**

5         **A.    <u>Position of Lead Plaintiffs, HP and the Director Defendants</u>[1]**

6    Lead Plaintiffs, HP and the Director Defendants request that this action be stayed to

7    allow an investigation ("Investigation") to be performed which was initiated in response to a

8    demand by another HP shareholder (the "Demand").  The Demand requests that the Board

9    investigate the same alleged misconduct at issue in this action, as well as other purported

10   misconduct.  According to HP and the Director Defendants, the Investigation will be conducted

11   by a committee of independent directors[2] (the "Committee"), assisted by independent outside

12   counsel – not counsel in this litigation – and will include, among other things, all of the matters

13   included in plaintiffs' amended consolidated complaint, including, for example, the

14   circumstances surrounding the departure of Mark Hurd and the Board's decision to approve the

15   separation agreement between HP and Mr. Hurd.  HP and the Director Defendants currently

16   contemplate that the Committee will report to the Board on the results of the Investigation and

17   the Board will decide on the appropriate response to the Demand.  HP and the Director

18   Defendants maintain that the Investigation will thus cover the same subject matter and will

19   undeniably impact this action.  In addition, the Investigation will include allegations set forth in

20   the Demand and certain other lawsuits currently pending in this Court and the Superior Court,

21   County of Santa Clara, that include violations of the Foreign Corrupt Practices Act and Anti-

22   Kickback Act of 1986 as against each of the defendants in this action as well as former Board

23   members named as defendants in one of the other lawsuits.  Accordingly, Lead Plaintiffs,[3] based

24   _____

25   [1] "Director Defendants" include Andreessen, Babbio, Baldauf, Gupta, Hammergren, Hyatt,
     Joyce, Ryan, Salhany, and Thompson.

26   [2] These directors joined HP's Board after the departure of Mark Hurd and, accordingly, are
27   not defendants in this action.

28   [3] Lead Plaintiffs' agreement to a 60 day stay is without waiver of, or prejudice to, their rights
     or position with respect to the Investigation or recommendations of the Committee.

1   on the aforementioned representations, and HP and the Director Defendants believe an initial

2   stay of 60 days is warranted in order to allow the Investigation to proceed and the Board to

3   consider the Demand.  The Committee will report back at the end of the 60 day period on the

4   status of the Investigation so that the parties can consider whether a further stay is warranted.

5           As set forth below, Mr. Hurd currently objects to the stay and asks that a formal motion

6   be filed.  Pursuant to Mr. Hurd's request, HP agreed to make certain information available to him

7   concerning the Committee and its Investigation, including the subject matter of the Investigation.

8   HP has objected to providing Mr. Hurd with 1) the Demand letter and 2) certain documents

9   produced to certain HP shareholders pursuant to 8 Del. C. §220.  As a former director and

10  potential subject of the inquiry, Mr. Hurd is simply not entitled to the foregoing materials.  The

11  Demand Letter is a confidential communication by an HP shareholder to the Board, which has

12  not been shared with any party outside of HP.  Similarly, Mr. Hurd is not entitled to any of the

13  documents provided pursuant to the Section 220 demand.  HP has agreed to produce these

14  documents to Lead Plaintiffs pursuant to a Section 220 demand by Lead Plaintiffs.

15          Given that Lead Plaintiffs and all defendants but Mr. Hurd have consented to the stay,

16  Lead Plaintiffs, HP and the Director Defendants hope to obviate the need for formal motion

17  practice and are prepared to discuss these issues at the upcoming conference.  Of course if the

18  Court so desires, HP is prepared to file a formal motion to stay.

19          **B.      Position of Mark Hurd**

20          Mr. Hurd takes the position that this case can be most efficiently and expeditiously

21  resolved pursuant to motions to dismiss under FED. R. CIV. P. 23.1 and 12(b)(6).  Nonetheless,

22  Mr. Hurd remains willing to consider in good faith HP's proposal for a stay, provided Mr. Hurd

23  receives the information he requested some time ago that is necessary to evaluate HP's proposal.

24          On December 21, 2010, Mr. Hurd's counsel wrote to HP's counsel to inform HP that Mr.

25  Hurd was willing to consider a proposal for a stay but needed additional information in order to

26  make an informed determination.  In response, HP's counsel advised Mr. Hurd's counsel that

27  HP's legal department was closed through the end of the year.  HP provided only general

28

1  information regarding the proposal and advised that "We will, of course, provide additional

2  information as people return from the holidays."

3        On January 7, 2011, having received no additional information from HP as promised, Mr.

4  Hurd's counsel again wrote to HP's counsel to request information regarding HP's proposal.  In

5  this letter, Mr. Hurd's counsel noted the upcoming due date for the parties to file a case

6  management statement: "In light of the requirement that the parties file a case management

7  statement by next Friday, it is important that our client receive the information that we requested

8  no later than Monday, January 10, 2011." HP's counsel responded "We will try to get back to you

9  in the early part of next week."

10       On January 11, 2011, HP's counsel telephoned Mr. Hurd's counsel and announced that

11  Lead Plaintiffs had agreed to a stay in return for HP providing Lead Plaintiffs' counsel with the

12  information that HP had provided plaintiffs' counsel in a stockholder "220" action pending in the

13  Chancery Court of the State of Delaware, *Espinoza v. Hewlett-Packard Company,* C.A. No. 6000-

14  VCP.  In order to evaluate HP's proposal, Mr. Hurd's counsel asked HP's counsel to provide copies

15  of the same documents that HP already produced to plaintiff in the "220" action and that HP

16  agreed to provide to Lead Plaintiffs in this action.   HP's counsel refused to provide these

17  documents to Mr. Hurd.  HP's counsel further refused to provide Mr. Hurd with a copy of the new

18  "Demand" that is ostensibly the reason why HP seeks the stay.  Because HP refuses to provide this

19  information to Mr. Hurd, he is unable at this time to determine whether to stipulate to the proposed

20  stay.  Accordingly, it is Mr. Hurd's position that this Court should order a stay only after a noticed

21  motion by HP that provides the Court and Mr. Hurd with all of the information necessary to make

22  an informed decision.

23  **II.    Additional Topics**

24  **1.    Jurisdiction and Service**

25        All defendants in each of the above-captioned actions have either been served or have

26  voluntarily accepted service.  To date, no party has objected to this Court's exercise of

27  jurisdiction.

28

Plaintiffs allege that the Court has jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1331.  Plaintiffs further allege that venue is also proper in this District pursuant to 28 U.S.C. §1391 because, among other reasons, HP is located in this District, and several defendants reside in this district.

## 2.    Statement of Facts

### A.    <u>Position of Lead Plaintiffs</u>

Lead Plaintiffs allege breaches of fiduciary duties, waste of corporate assets, unjust enrichment and violations of Section 14(a) of the Securities Exchange Act of 1934 and Rule 14A-9 promulgated thereunder ("Section 14(a)") and other violations of law which have caused damage to the Company in connection with or arising out of the Board's granting, and Hurd's receipt of, an allegedly unreasonable and grossly excessive severance award upon his resignation from the Company as described in the Hurd Separation Agreement.

### B.    <u>Position of Defendants</u>

In a letter dated June 24, 2010, HP received allegations of misconduct by Mark Hurd, HP's former CEO, Chairman and President.  Upon learning of these allegations, HP's Board of Directors promptly initiated an investigation into these allegations (the "Hurd Investigation").  The Hurd Investigation was conducted by outside counsel, Covington & Burling LLP, and was overseen by the Company's Board of Directors.  The Hurd Investigation found, inter alia, that Mr. Hurd had violated HP's Standards of Business Conduct.  As a result of the Hurd Investigation, Mr. Hurd resigned his position as CEO, Chairman and President.

On August 6, 2010, HP announced that, following the Hurd Investigation, Mr. Hurd had resigned his position as the Company's Chairman, CEO, and President, and that Mr. Hurd and HP had entered into the Hurd Separation Agreement.  In exchange for certain payments to Mr. Hurd under the Separation Agreement, HP received a full release of claims from Mr. Hurd, as well as other valuable consideration, such as amendments to Hurd's confidentiality agreement, his agreement to cooperate with HP post-employment, and his agreement not to disparage HP, its affiliates or subsidiaries, and its officers and directors.

1    Four federal actions were filed by shareholders purportedly on behalf of nominal

2  defendant HP against members of the HP Board, predicated on the HP Board's post-investigation

3  decision to approve the Hurd Separation Agreement.  On November 1, 2010, the Court

4  consolidated the four actions.  On December 3, 2010, plaintiffs filed an amended consolidated

5  complaint.

6    HP and the individual defendants maintain that plaintiffs do not have standing to pursue

7  this action on behalf of HP.  The individual defendants maintain that they did not waste

8  corporate assets, breach any fiduciary duties, were not unjustly enriched and did not violate

9  Section 14(a) of the Securities Exchange Act.   Defendants believe these issues can be resolved

10 at the motion to dismiss stage and reserve the right to identify disputed factual issues thereafter.

11 **3.**    **Legal Issues**

12       **A.**    **Position of Lead Plaintiffs**

13    The principal legal issues currently in dispute are: whether a prior demand on the Board

14 to investigate alleged wrongdoing and to decide whether to file suit is required or excused;

15 whether Defendants breached their fiduciary duties; whether defendant Hurd was unjustly

16 enriched; whether Defendants caused corporate waste; and whether Defendants violated §14(a)

17 of the Exchange Act.

18       **B.**    **Position of Defendants**

19            1.    Whether this action should be stayed as outlined above?

20            2.    Whether plaintiffs have standing to proceed with this action?

21            3.    Issues with Respect to Individual Claims:[4]

22                 o   Whether the claims must be dismissed because defendants acted in
                     accordance with their business judgment and consistently with their
23                   fiduciary duties;

24                 o   Whether the consideration that HP received from Mr. Hurd pursuant to
                     the Hurd Separation Agreement (see section II(2)(B) above) was so
25                   inadequate as to constitute corporate waste under applicable Delaware
                     law;

26  _____

27    [4] Because plaintiffs lack standing, the court need not reach these issues.

28

     o  Whether plaintiffs have adequately pleaded their Section 14(a) claim by stating with particularity all facts forming the basis of their allegations as required by governing law, including the PSLRA;

     o  With regard to the alleged misrepresentations or omissions, whether plaintiffs have adequately alleged materiality, loss causation, the requisite level of culpability and that the alleged misrepresentations were an essential link in the accomplishment of the proposed transaction;

Defendants reserve the right to identify additional legal issues and defenses.

**4.**     **Motions**

      **Prior Motions**.  Concurrent with filing their complaints, the plaintiffs in *Teamsters* and *Key West* filed an application for a temporary restraining order requesting that the Court enter an order to enjoin: (1) Mr. Hurd from exercising any HP stock options as provided for in the Hurd Separation Agreement; (2) the Company from granting Mr. Hurd any shares of Company stock in settlement of the collective 346,030 performance-based restricted stock units and time-based restricted stock units as provided for in the Hurd Separation Agreement; and (3) the Company from issuing any equity awards pursuant to the Amended and Restated 2004 Stock Incentive Plan. *Teamsters* Dkt. 4.  On August 20, 2010, Judge Koh (to whom this case was then assigned) denied the TRO without prejudice for failure to comply with Rule 65(b) and set a hearing for August 30, 2010 pending plaintiffs' compliance with the rules.  On August 24, 2010, the TRO briefing schedule was vacated. *Teamsters* Dkt. 31.  While the TRO was pending, Mr. Hurd exercised certain of his stock options during the open trading window provided for in the Hurd Separation Agreement.

      On September 3, 2010, plaintiffs filed a Motion for a Preliminary Injunction requesting similar injunctive relief as requested in the TRO. *Teamsters* Dkt. 40.  On September 20, 2010, HP announced that it had resolved litigation commenced on September 7, 2010 against Mr. Hurd for alleged breach of contract and threatened misappropriation of trade secrets in connection with Mr. Hurd's employment with Oracle Corporation.  As part of that resolution, HP and Mr. Hurd agreed to modify the Hurd Separation Agreement.  Under the terms of the modification, Mr. Hurd agreed to waive his rights to the 330,177 performance-based restricted stock units granted

1   to him in January 17, 2008 referenced in paragraph 2.d of the Hurd Separation Agreement and to

2   the 15,853 time-based restricted stock units granted to Mr. Hurd on December 11, 2009

3   referenced in paragraph 2.e of the Hurd Separation Agreement, which collectively represent the

4   only remaining compensation that Mr. Hurd was entitled to receive under the terms of the Hurd

5   Separation Agreement.  After full briefing, on October 1, 2010, the parties entered into a Joint

6   Stipulation Withdrawing Plaintiffs' Motion For Preliminary Injunction.  *Teamsters* Dkt. 84.  On

7   October 1, 2010 the Court entered the Order Vacating Hearing; Setting Case Management

8   Conference.  Levine Dkt. 35.

9        On September 29, 2010, HP moved to consolidate the four federal actions.  On

10   September 30, plaintiffs Levine and LAMPERS moved to coordinate the related cases and

11   appoint lead counsel.  On October 8, 2010, plaintiffs Key West and Teamsters moved to

12   consolidate and appoint lead counsel.  The Court consolidated the actions and appointed lead

13   plaintiffs and lead counsel on November 1, 2010.

14        **Anticipated Motions**:

15        ***Position of Lead Plaintiffs, HP and the Director Defendants:***  In the event that the

16   parties cannot reach agreement on a stay and the Court believes it is warranted, HP will move to

17   stay pending the completion of the Investigation.  HP and the Director Defendants also anticipate

18   filing motions to dismiss under FED. R. CIV. P. 23.1 and 12(b)(6).  Lead Plaintiffs, HP and the

19   Director Defendants propose that briefing on defendants' contemplated motions to dismiss be

20   deferred until the Court has rendered a decision regarding a stay.  Lead Plaintiffs, HP and the

21   Director Defendants will negotiate a briefing schedule following the court's denial of a stay

22   and/or after the stay has expired.  Lead Plaintiffs do not anticipate filing any motions prior to the

23   resolution of defendants' anticipated motions to dismiss.

24        ***Position of Mark Hurd***:  Mr. Hurd requests that, in the interim, he not be precluded from

25   filing his motion to dismiss at any time.

26   **5.   Schedule for Amendment of the Pleadings**

27        Lead Plaintiffs filed an amended consolidated complaint on December 3, 2010.  The

28   parties agree that no response need be submitted to the amended consolidated complaint until the

1   parties agree upon a course for proceeding with this action at the upcoming case management

2   conference.  If necessary, the parties will thereafter submit a proposed briefing schedule for the

3   contemplated motions.

4   **6.      Evidence Preservation**

5          The parties assert that they have taken steps to preserve documents and communications

6   that are relevant to the issues reasonably evident in this action and the causes of action set forth

7   therein.

8   **7.      Initial Disclosures Pursuant to Fed. R. Civ. P. 26**

9          The parties agree that discovery, including initial disclosures, should be stayed until the

10  Court has ruled on defendants' anticipated motions to dismiss.

11  **8.      Discovery Plan:**

12         The parties agree that discovery should be stayed until the Court has ruled on defendants'

13  anticipated motions to dismiss.

14  **9.      Class Actions: N/A**

15  **10.     Related Cases**

16         In addition to this action, the following three derivative cases were filed in Santa Clara

17  County Superior Court: *Brockton Contributory Ret. Sys. v. Andreessen, et al.*, No. 1-10-CV-

18  179356, filed on August 10, 2010; *CLAL Fin. Batucha Inv. Mgmt., Ltd. v. Andreessen, et al*., No.

19  1-10-CV-180359, filed on August 19, 2010; *Asbestos Workers Philadelphia Pension Fund v.*

20  *Andreessen, et al.*, No. 1-10-CV-180874, filed on August 24, 2010 (collectively, the "State Court

21  Actions").  On September 21, 2010, the State Court Actions were consolidated into one State

22  Derivative Action (*In re Hewlett-Packard Company*, Case No. 1-10-CV-179356) over the

23  objection of Barrack, Rodos & Bacine, which represents Asbestos Workers Philadelphia Pension

24  Fund in the state action and the *Levine* and *LAMPERS* plaintiffs in the Federal Derivative

25  Actions.  On October 4, 2010, Judge Huber issued an order staying the State Derivative Action

26  pending resolution of this action.

27         On November 24, 2010, a related shareholder derivative action was filed in the Delaware

28  Chancery Court by plaintiff Lawrence Zucker.  On November 18, 2010, a shareholder action

1  pursuant to 8 Del. C. § 220 was filed in the Delaware Chancery Court by shareholder Ernesto

2  Espinoza.

3  **11.    Relief Sought**

4     **A.    Position of Lead Plaintiffs**

5     Lead Plaintiffs demand judgment as follows: a) against all defendants and in favor of the

6  Company for the amount of damages sustained by the Company as a result of their misconduct,

7  including requiring Hurd to disgorge to the Company all of the payments and benefits he

8  received in connection with the termination of his employment and as described in the

9  Separation Agreement; b) granting appropriate preliminary and permanent injunctive relief,

10 including, but not limited to, an order invalidating the shareholder vote on the Stock Incentive

11 Plan and prohibiting the issuance of incentive awards pursuant to the invalidly approved Stock

12 Incentive Plan; c) granting additional appropriate equitable relief to remedy Defendants'

13 misconduct; d) awarding to Lead Plaintiffs the costs and disbursements of the action, including

14 reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses; and e)granting

15 such other and further relief as the Court deems just and proper.

16    **B.    Position of Defendants**

17    The Director Defendants Andreessen, Babbio, Baldauf, Gupta, Hammergren, Hyatt,

18 Joyce, Ryan, Salhany, and Thompson take the position that there is no basis for damages or any

19 other relief because they acted entirely properly and they face no personal liability for monetary

20 damages due to the 102(b)(7) provision in HP's certificate of incorporation.

21    In addition, the Director Defendants take the position that plaintiffs' claim for damages

22 arising from the right to restricted stock units granted to Mr. Hurd in the Hurd Separation

23 Agreement is moot because of HP's subsequent settlement with Mr. Hurd.

24    In addition to the position of the Director Defendants, Mr. Hurd maintains that he faces

25 no personal liability because he was not unjustly enriched, the Hurd Separation Agreement was

26 authorized in good faith by the affirmative vote of the Company's directors, and the decision by

27 the Company's directors to authorize the Hurd Separation Agreement is protected by the

28 business judgment rule.  In addition, Hurd contends that his settlement with HP on September 7,

2010 was predicated upon the enforceability and continued viability of the Hurd Separation Agreement.  Hurd further maintains that his settlement with HP on September 7, 2010 was a reaffirmation by HP of its commitment to comply with the Hurd Separation Agreement.

**12.     Settlement and ADR**

  **A.     Position of Lead Plaintiffs**

  Lead Plaintiffs are open to settlement of the derivative actions if such settlement is in the best interests of the Company.

  **B.     Position of Defendants**

  In connection with resolving the prior motion for preliminary injunction, the parties engaged in brief and cursory settlement discussions.

**13.     Consent to Magistrate Judge for All Purposes**

  The parties do not consent to assignment of this action to a Magistrate Judge.  By Order dated August 23, 2010, the underlying actions were assigned to the Honorable James Ware for all future proceedings.

**14.     Suitability for Binding Arbitration or referral to the JPML**

  The parties agree that neither binding arbitration nor referral to the Judicial Panel on Multidistrict Litigation are appropriate.

**15.     Narrowing of Issues**

  **A.     Position of Lead Plaintiffs**

  Lead Plaintiffs believe that this issue is properly addressed after the resolution of defendants' anticipated motions to dismiss.

  **B.     Position of Defendants**

  HP and the individual defendants believe that the anticipated motions to dismiss on demand futility and other grounds will result in the dismissal of this action.

**16.     Expedited Schedule N/A**

**17.     Scheduling:**

  The parties agree that, given the procedural posture of the action, it is premature to address a schedule in these actions apart from that set forth above.

**18.      Trial**

      The parties agree that, given the procedural posture of the action, it is premature to

address the format and length of the trial.

**19.      Disclosure of Non-party Interested Entities or Persons**

      The parties have filed certifications of interested parties pursuant to Civ. L.R. 3-16.

DATED:  January 14, 2011          Respectfully submitted,

                                                BARRACK, RODOS & BACINE
                                              STEPHEN R. BASSER
                                              SAMUEL M. WARD

                                                    _____/s/_____
                                                SAMUEL M. WARD

                                            600 West Broadway, Suite 900
                                            San Diego, CA  92101
                                            Telephone:  (619) 230-0800
                                            Facsimile:  (619) 230-1874

                                            BARRACK, RODOS & BACINE
                                            A. ARNOLD GERSHON
                                            agershon@barrack.com
                                            1350 Broadway, Suite 1001
                                            New York, NY  10018
                                            Telephone:  (212) 688-0782
                                            Facsimile:  (212) 688-0783

                                            *Counsel for Louis Levine and Louisiana*
                                            *Municipal Police Employees' Retirement*
                                            *System*

DATED:  January 14, 2011          Respectfully submitted,

                                            BARROWAY TOPAZ KESSLER
                                            MELTZER & CHECK, LLP
                                            ERIC L. ZAGAR
                                            ROBIN WINCHESTER
                                            LOUIS MOYA

                                                  _____/s/_____
                                            ROBIN WINCHESTER

1

2          280 King of Prussia Road
           Radnor, PA  19087
3          Telephone:  (610) 667-7706
           Facsimile:  (610) 667-7056
4
           BARROWAY TOPAZ KESSLER
5          MELTZER & CHECK, LLP
           RAMZI ABADOU
6          rabadou@btkmc.com
           ERIK DAVID PETERSON
7          epeterson@btkmc.com
           580 California Street
8          Suite 1750
           San Francisco, CA  94104
9          Telephone:  (415) 400-3000
           Facsimile:  (415) 400-3001
10

11         *Counsel for Teamsters Union Local #142*
           *Pension Trust and Key West Police & Fire*
12         *Pension Fund*

13
   DATED:  January 14, 2011          Respectfully submitted,
14
           SKADDEN, ARPS, SLATE, MEAGHER &
15         FLOM LLP
           JAMES E. LYONS
16         RICHARD S. HORVATH, JR.

17

18         _____
                        /s/
19              JAMES E. LYONS

20         Four Embarcadero Center
           Suite 3800
21         San Francisco, CA  94111
           Telephone:  (415) 984-6400
22         Facsimile:  (415) 984-2698
           *Counsel for Defendants Marc L.*
23         *Andreessen, Lawrence T. Babbio, Sari M.*
           *Baldauf, Rajiv L. Gupta, John H.*
24         *Hammergren, Joel Z. Hyatt, Robert L. Ryan,*
           *Lucille S. Salhany, G. Kennedy Thompson*
25

26

27

28

1   Dated:  January 14, 2011                    Respectfully submitted,

2                                               ALLEN MATKINS LECK GAMBLE
                                                MALLORY & NATSIS LLP
3                                               LAWRENCE D. LEWIS
                                                llewis@allenmatkins.com
4                                               DWIGHT L. ARMSTRONG
                                                darmstrong@allenmatkins.com
5                                               KEITH P. BISHOP
                                                kbishop@allenmatkins.com
6                                               JEREN WEI
                                                jwei@allenmatkins.com
7

8

9                                               _____/s/_____
                                                    LAWRENCE D. LEWIS
10

11                                              1900 Main Street, 5th Floor
                                                Irvine, CA  92614
12                                              Telephone:  (949) 553-1313
                                                Facsimile:  (949) 553-8354
13

14                                              ALLEN MATKINS LECK GAMBLE
                                                MALLORY & NATSIS LLP
15                                              AMY WINTERSHEIMER FINDLEY
                                                awintersheimer@allenmatkins.com
16                                              501 West Broadway, 15th Floor
                                                San Diego, CA  92101-3577
17                                              Telephone:  (619) 235-1544
                                                Facsimile:  (619) 233-1158
18

19                                              *Counsel for Defendant Mark V. Hurd*

20

21   DATED:  January 14, 2011                   Respectfully submitted,

22                                              STEVEN M. SCHATZ
                                                sschatz@wsgr.com
23                                              BORIS FELDMAN
                                                boris.feldman@wsgr.com
24                                              DOUGLAS J. CLARK
                                                dclark@wsgr.com
25                                              KATHERINE L. HENDERSON
                                                khenderson@wsgr.com
26

27                                              _____/s/_____
                                                    STEVEN M. SCHATZ
28

13 – Joint Case Management Statement
     Case No.:  10-CV-3608 JW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILSON SONSINI GOODRICH &
ROSATI
A PROFESSIONAL CORPORATION
650 Page Mill Road
Palo Alto, CA  94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100

MORGAN LEWIS AND BOCKIUS
FRANKLIN BROCKWAY GOWDY
BRADY RICHARD DEWAR
DIANE LESLIE WEBB

One Market Street
Spear Street Tower
San Francisco, CA  94105
Telephone:  (415) 442-1000
Facsimile:  (415) 442-1001

MORGAN LEWIS AND BOCKIUS
MARC J. SONNENFELD
msonnenfeld@morganlewis.com
JILL MARIE BAISINGER
jbaisinger@morganlewis.com
KAREN A. PIESLAK POHLMANN
kpohlmann@morganlewis.com
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:  (215) 963-5000
Facsimile:  (215) 963-5001

*Counsel for Nominal Defendant*
*Hewlett-Packard Company*

1

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

2        I, Katherine L. Henderson, am the ECF User whose identification and password are being

3 used to file the **JOINT CASE MANAGEMENT STATEMENT**.  In compliance with General

4 Order 45.X.B, I hereby attest that each of the signatories above has concurred in this filing.

5

6 Dated:  January 14, 2011                      WILSON SONSINI GOODRICH & ROSATI
                                               Professional Corporation
7

8
                                               By:_____/s/_____
9                                                    Katherine L. Henderson

10                                             *Counsel for Nominal Defendant*
                                               *Hewlett-Packard Company*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28