1   Ilene F. Brookler (Bar #269422)
    Richard D. Greenfield
2   (Pro Hac Vice Application Pending)
    Marguerite R. Goodman
3   GREENFIELD & GOODMAN, LLC
    250 Hudson Street, 8th Floor
4   New York, NY  10013
    Tel: 917-495-4446
5   ibrookler@gmail.com
    whitehatrdg@earthlink.net
6   twowhitehats@earthlink.net
7
8   Lesley E. Weaver (Bar #191305)
    SHEPHERD, FINKELMAN, MILLER
9   & SHAH, LLP
    199 Fremont Street, 20th Fl.
10  San Francisco, CA  94105-2255
    Tel: 415-992-7282
11  lweaver@sfmslaw.com
12
    Attorneys for Plaintiff, A.J. Copeland
13
    (Additional Counsel on Signature Page)
14

15              UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF CALIFORNIA

16  A.J.   COPELAND,   Individually   and   :   Case No. 11-cv-01058 (EJD) (PSG)
17  Derivatively   on   Behalf   of   HEWLETT-   :
    PACKARD COMPANY,                          :
18                                            :
              Plaintiff,                      :   **MEMORANDUM IN SUPPORT OF**
19                                            :   **PLAINTIFF COPELAND'S**
              v.                              :   **MOTION TO CONSOLIDATE**
20                                            :   **RELATED ACTIONS FOR PRE-**
                                              :   **TRIAL PROCEEDINGS AND FOR**
21  RAYMOND J. LANE, et al.,                  :   **OTHER RELIEF**
                                              :
22            Defendants,                     :
                                              :   **Hearing Date:  December 2, 2011**
23        and                                 :   **Time:  9:00 a.m.**
                                              :   **Judge:  Honorable Edward J. Davila**
24  HEWLETT-PACKARD COMPANY,                  :
                                              :
25            Nominal Defendant.              :
                                              :
26  _____ :
                                              :
27  IN RE H-P DERIVATIVE LITIGATION           :   Case No. 10-cv-3608 (EJD)
                                              :
28

1   **SAGINAW POLICE AND FIRE PENSION**          :          Case No. 10-cv-04720 (EJD)
    **FUND,**
2                                                 :
                        Plaintiff,                :
3                                                 :
          v.                                      :
4                                                 :
5   **ANDREESSEN, et al.,**                       :
                                                  :
6                       Defendants,               :
                                                  :
7         and                                     :
                                                  :
8   **HEWLETT-PACKARD COMPANY,**                  :
                                                  :
9                    Nominal Defendant.           :
10                                                :

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE RELATED ACTIONS FOR PRE-TRIAL
PROCEEDINGS AND FOR OTHER RELIEF, CASE NO. 11-cv-01058 (EJD)(PSG)

1

## <u>TABLE OF CONTENTS</u>

2   I.     ISSUES TO BE DECIDED ................................................................................1

3

4   II.    NATURE AND STAGE OF THE PROCEEDINGS ........................................2

5          A.    Pertinent Facts ...............................................................................2

6          B.    Pertinent Procedural History .......................................................4

7

8   III.   SUMMARY OF RELIEF REQUESTED .........................................................7

9   IV.    ARGUMENT ...................................................................................................8

10

11         A.    Coordination Of The Three Related Actions Is Warranted ...................8

12         B.    SFMS And G&G Should Be Appointed Lead Counsel In The Demand-Made

13         Cases.................................................................................................11

14         C.    The *Copeland* Complaint Should Be The Operative Complaint ...........12

15

16  V.     CONCLUSION ................................................................................................12

17

18

19

20      .

21

22

23

24

25

26

27

28

i

# TABLE OF AUTHORITIES

**Cases**

*Aronson v. Lewis*, 473 A.2d 805 (Del. 1984) ...............................................................9

*Bakerman v. Sidney Frank Importing Co.*, C.A. No. 1844-N, 2006 WL 3927242 ........................9

*Henry, et al. v. Brendsel, et al. ("Freddie Mac")*, Case No. 03-1539A (E.D. Va.).....................10

*In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, No. 02-CV-6302 (S.D.N.Y.) ......................10

*Investors Research Co. v. United States Dist. Court for Cent. Dist.*,
    877 F.2d 777 (9th Cir., 1989) ................................................................................8

*Key West Police and Fire Pension Fund v. Babbio, et al.*, Case No. 10-CV-3660.........................5

*Knopf v. Semel*, No. 08-3658, 2010 U.S. Dist. LEXIS 35925 ........................................10

*Levine v. Andreessen, et al.*, Case No. 10-CV-3608................................................5

*Levine v. Smith*, 591 A.2d 194 (Del. 1991) ...............................................9

*Louisiana Municipal Police Employees' Retirement System v. Marc L.*,
    Case No. 10-CV-3716 ................................................................................5

*Louisiana Municipal Police Employees Retirement System v. McDaniel, et al.*,
    No. 08-cv-9323 (S.D.N.Y.) ..............................................................10

*Palmetto v. Freeman (In re VistaCare, Inc.)*, 2006 U.S. Dist. LEXIS 62021 .......................9

*Rancho Agricola Santa Monica v. Westar Seeds Int'l, Inc.*,
    2009 U.S. Dist. LEXIS 89741 ..........................................................8

*Saginaw Police and Fire Pension Fund v. Andreessen et al*, 10 CV 04720 (LK) ...........6, 7, 8, 11

*Spiegel v. Buntrock*, 571 A.2d 767 (Del. 1990)................................................9

*Teamsters Union Local #143 Pension Trust v. Andreessen, et al.*, Case No. 10-CV-3659 ...........5

*Vincent v. Hughes Air West, Inc.*, 557 F.2d 759 (9th Cir. 1977) ....................................11

**Statutes**

Fed. R. Civ. P. 23.1................................................................................2

Fed.R.Civ.P. 42(a) ................................................................................1

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF COPELAND'S MOTION TO CONSOLIDATE**
**RELATED ACTIONS FOR PRE-TRIAL PROCEEDINGS**
**AND FOR OTHER RELIEF**

Plaintiff, A.J. Copeland ("Copeland"), moves this Court for an Order, pursuant to Fed.R.Civ.P. 42(a), to consolidate for coordinated pre-trial proceedings the above-captioned actions and all subsequently-filed actions based upon facts and circumstances comparable to those implicated in the above actions, and to designate the law firms of Shepherd, Finkelman, Miller & Shah, LLP ("SFMS") and Greenfield & Goodman, LLC ("G&G") as Co-Lead Counsel in the action entitled, *A.J. Copeland versus Lane et al.*, No. 11-CV-01058 (EJD)(PSG) (hereinafter referred to as "*Copeland*") and all subsequently filed or transferred related demand-made cases.[1]  For the reasons stated below, this Motion should be granted.[2]

## I.   ISSUES TO BE DECIDED

1.   Whether this Court should consolidate, for pre-trial coordination purposes only, the above three related shareholder derivative actions, since there are common and overlapping factual issues in each of the three cases and discovery is likely to be substantially overlapping in each of them.

2.   Whether, because of material procedural, factual, and legal differences among the three cases, this Court should determine that it is inappropriate for there to be filed a Consolidated Complaint on behalf of all plaintiffs.

3.   Whether, because of material procedural, factual and legal differences among the three cases, each case should have a Lead or Co-Lead Counsel independent of the others.

---

[1] To the extent that it remains necessary, Plaintiff Copeland also moves this Court from relief of a short-term stay of the case, due to expire on its own terms on June 17, 2011.

[2] Plaintiff Copeland requests, as well, that a Case Management Conference be scheduled.

1

4.  Whether this Court should appoint SFMS and G&G as Co-Lead Counsel for all related demand-made cases, including the *Copeland* case and any future cases that may be brought by other shareholders of Nominal Defendant Hewlett-Packard Company ("H-P" or the "Company") who have made pre-suit demands on its Board of Directors as required by Fed. R. Civ. P. 23.1.

## II.   NATURE AND STAGE OF THE PROCEEDINGS

Presently pending before this Court are three related stockholder derivative actions, which have arisen due to a fundamental breakdown of corporate governance by H-P's Board of Directors and senior management, causing the Company massive economic damages as well as serious deterioration in its reputation and credibility.  The three actions, although commenced over a 7-month period, are all at the pleadings stage.

### A.   Pertinent Facts

On August 23 and 28, 2010, Plaintiff Copeland made detailed pre-suit demands on H-P's then-current Board of Directors, as required by Fed. R. Civ. P. 23.1. (Compl. ¶ 80 and Exh. A and B to Compl.)  These demands were based upon highly particularized claims that the members of the Company's Board and senior management, including its former Chief Executive Officer, Defendant Mark V. Hurd, had caused substantial damage to H-P for which they should be held accountable.

More than two months later, H-P's Deputy General Counsel, John F. Schultz, informed Plaintiff Copeland's counsel, by e-mail on November 3, 2010 and then again in a letter dated November 9, 2010, that "the Board is currently investigating the allegations in [Copeland's] demand[s]." (Compl. ¶¶ 28, 82.)  This was untrue. *Id.*

Rather, the H-P Board and Michael J. Holston, H-P's General Counsel, as well as H-P's

2

1   outside counsel, interviewed individuals not then on the H-P Board to determine whether they

2   would be sympathetic to the conduct of the pre-existing Board members. Additional members of

3   the H-P Board were selected based on these interviews. (Compl. ¶¶ 82, 84.) Thereafter, this

4   expanded Board appointed a so-called "Independent Committee" ("Committee") of directors,

5   with Andrew J. Levander and his firm, Dechert LLP (collectively "Levander"), serving as its

6   counsel. (Compl. ¶ 84.) This Committee purported to "take over" the investigation of

7   Copeland's claims from the Board, but in reality, the Board had taken no action at all to

8

9   investigate Plaintiff's claims and there was nothing to take over. (Compl. ¶ 28.)

10       The members of the Committee decided at the outset to delegate their own fact-gathering

11   and analysis responsibilities to Levander, creating a fundamental conflict of interest. (Compl. ¶

12   86.) Because of this conflict, and to protect against a serious and useful record being made,

13   Levander developed a plan to conduct mere "interviews" of selected individuals - - not under

14   oath and without a recording or transcript. This plan was developed to cloak all or as much of

15

16   the factual "investigation" in a claim of attorney work product, as well as all communications

17   between counsel and members of the Committee and witnesses as privileged. (Compl. ¶ 87.)

18       On February 10, 2011, nearly six months after Plaintiff Copeland's demands were made

19   upon H-P's Board, Levander sent a letter to Plaintiff's counsel stating that the Board had

20   appointed the Committee "to investigate, review, and evaluate the facts and circumstances

21

22   asserted in various derivative lawsuits brought in federal and state courts and in certain demand

23   letters directed to the Board or the Company... and to make recommendations to the Board

24   whether H-P should commence or continue litigation concerning any of the matters raised or

25   should adopt any new or modified corporate policies or procedures or other internal corrective

26   measures." (Compl. ¶ 88.) In other words, the Board had not yet begun to take any action with

27

28

3

respect to Copeland's highly particularized claims and the demands upon which they were based.

With minimal advance notice and with no necessary information provided, Levander also invited Plaintiff Copeland's counsel to meet with "one or more members of the Committee at one of two two-hour time slots available on February 21 and 22, 2011." (Compl. ¶ 89.) Plaintiff's counsel responded by e-mail the next day on February 11, 2011, requesting fundamental information and documents regarding the legitimacy of the investigation, including how the members of the Committee had been selected and how it came about that Levander would be the investigator. (Compl. ¶ 90.) Levander refused to provide any of the requested information to Copeland's counsel and ended all discourse.

Although no longer significant in the context of the allegations in the *Copeland* Complaint, the H-P Board promised to provide a report on March 7, 2011, delayed that to April 29, 2011, and again to June 17, 2011. In any event, given, *inter alia*, the procedure put in place by certain of the defendants to the *Copeland* Complaint and their counsel, the manner in which the "Committee" was formed and has functioned, Plaintiff Copeland's demands have been *de facto* rejected. (Compl. ¶¶ 27-30). [3]

On March 7, 2011, nearly seven months after making his rejected pre-suit demands, Plaintiff Copeland commenced his derivative action on H-P's behalf against current and former officers and directors of the Company.

**B.    Pertinent Procedural History**

By way of background, on August 16, 2010, Louis Levine filed the first shareholder complaint derivatively on behalf of H-P in this District, entitled *Levine v. Andreessen, et al.*,

---

[3] While now irrelevant to the *Copeland* case and the allegations of the *Copeland* Complaint, there is no way of knowing when the "Committee" and/or the H-P Board will attempt to take action as to Plaintiff Copeland's demands.

4

Case No. 10-CV-3608 ("*Levine*").  Other cases followed quickly.  By Order dated August 23, 2010, Judge Trumbull determined that *Levine, Teamsters Union Local #143 Pension Trust v. Andreessen, et al.,* Case No. 10-CV-3659 ("*Teamsters*"), filed on August 18, 2010, and *Key West Police and Fire Pension Fund v. Babbio, et al.*, Case No. 10-CV-3660 ("*Key West*"), filed on August 18, 2010, all of which are derivative, "demand-futile" claims, were related within the meaning of Local Rule 3-12(b), (*Teamsters* Docket No. 25), and all three actions were re-assigned to the Honorable James Ware (the "Consolidated Action").  On September 8, 2010, the Court ordered *Louisiana Municipal Police Employees' Retirement System v. Marc L.*, Case No. 10-CV-3716 ("*Lampers*"), filed on August 20, 2010, also a demand-futile action, to be re-assigned as a related case to *Levine*. (*Lampers* Docket No. 12.)

On December 3, 2010, Plaintiffs' First Consolidated Complaint was filed in the Consolidated Action entitled *In re H-P Derivative Litigation*, Case No. 10-CV-3608 (EJD) (initially filed August 16, 2010) (the "*H-P Consolidated Action*"), naming as defendants certain officers and directors of nominal defendant H-P on behalf of the Company.   The *H-P Consolidated Action* alleges state law claims for corporate waste and breach of fiduciary duty arising from the H-P Board of Directors' approval of a separation agreement with Defendant Hurd, as well as claims for violation of Section 14(a) of the Securities Exchange Act of 1934 relating to allegedly false and misleading public disclosures contained in H-P's Schedule 14(a) proxy statement, filed with the Securities Exchange Commission on January 27, 2010.

*Saginaw Police and Fire Pension Fund v. Andreessen et al,* 10 CV 04720 (LK) ("*Saginaw*") is another "demand-futile" derivative action pending in this Court that has been brought on behalf of H-P. *Saginaw* was initiated by one of H-P's shareholders to redress alleged violations of the False Claims Act and the Anti-Kickback Act arising from the Company's

5

1   settlement with the U.S. Government in August 2010, and the Government's investigation into

2   Foreign Corrupt Practices Act ("FCPA") violations.

3         On March 7, 2011, Plaintiff Copeland commenced a separate shareholder derivative

4   action on behalf of H-P stemming from Defendant Hurd's conduct as H-P's Chief Executive

5   Officer, the circumstances of his departure, as well as additional unrelated claims. Specifically,

6   Plaintiff Copeland asserts state law claims of breach of fiduciary duty and corporate waste on the

7   part of the individual H-P defendants arising out of certain admittedly improper conduct by

8   Defendant Hurd and the Board, the Board's approval of payments of improper compensation to

9   Defendant Hurd, the Board's reckless bidding for and acquisition of 3Par, as well as bribery in

10  violation of the FCPA.  Plaintiff Copeland further asserts federal securities law claims for

11  violation of Section 14(a) of the Securities Exchange Act of 1934 relating to H-P's proxy

12  statements issued and disseminated in 2010 and 2011.  While the claims arising from Defendant

13  Hurd's conduct and departure certainly overlap with those in the *H-P Consolidated Action,* the

14  facts and circumstances attributable to the 3Par acquisition, the violations of the FCPA and

15

16  proxy fraud claims are unique, as are the allegations attributable to the Board's reaction to and *de*

17  *facto* rejection of Plaintiff Copeland's pre-suit demands.  By contrast to Plaintiff Copeland, each

18  of the plaintiffs in the *H-P Consolidated* Action and in the *Saginaw* action argued in their

19  respective Complaints that no pre-suit demand on H-P's Board was legally necessary because

20  such demands, had they been made, would have been futile.

21

22        On April 25, 2011, the *H-P Consolidated Action* and *Saginaw* were both assigned to this

23  Court. By Order dated May 11, 2011, this Court determined that *Copeland* is related to the

24

25

26

27

28

6

earlier filed *H-P Consolidated Action*, and thereby re-assigned *Copeland* to this Court, pursuant to Local Rule 3-12.[4]

### III.   SUMMARY OF RELIEF REQUESTED

This Motion is brought on the grounds that the *Copeland* action presents legal, procedural and factual issues that are related to but materially different from those asserted in the *H-P Consolidated Action* and *Saginaw*, and that, therefore, the three derivative actions should be coordinated for pre-trial purposes, but allowed to proceed as separate litigations. As noted above, both the *H-P Consolidated Action* and *Saginaw* were commenced by H-P shareholders who did not make pre-suit demands on the H-P Board, as generally required by Federal Rule of Civil Procedure 23.1(b), but rather they argue that under the circumstances, demand is excused. Plaintiff Copeland, on the other hand, made two written, pre-suit demands on the Board which have now been, *de facto*, rejected.

There are significant differences in the way the law treats derivative actions in which the plaintiff has made a demand ("demand-made" cases), and those in which the plaintiff has not made a demand, but argues that demand should be excused because it would have been futile ("demand-futile" cases). Thus, as a demand-made action, Plaintiff Copeland's action should be coordinated, but not consolidated for all purposes with the pending demand-futile cases, which, collectively, make up the *H-P Consolidated Action* and *Saginaw*.

Plaintiff Copeland further seeks an Order setting a procedure for consolidating the *Copeland* action and all subsequently filed or transferred demand-made cases. Inasmuch as there are fundamental conflicts between the demand-made cases and the demand-futile cases, the

---

[4] Prior to the re-assignment, but on the very same day, Judge Charles R. Breyer stayed the *Copeland* action until June 17, 2011 or the stay lifts in the *H-P Consolidated Action,* whichever occurs first. If the stay is still in effect, it should be lifted, at the very least, with respect to this Motion.

7

*Copeland* case should not be "swallowed up" by the *H-P Consolidated Action* pursuant to the

consolidation order signed by Judge Ware on November 1, 2010, well before the *Copeland* case

was even commenced.  The *Copeland* case and any subsequently filed demand-made derivative

cases warrant having their own advocates.  In that regard, Plaintiff Copeland respectfully

requests that this Court appoint SFMS and G&G as Lead Counsel to coordinate and oversee the

prosecution of his case and any future related demand-made actions.

## IV.    ARGUMENT

### A.    Coordination Of The Three Related Actions Is Warranted

This Court has broad discretion under Rule 42(a) of the Federal Rules of Civil Procedure

to consolidate "actions involving a common question of law or fact." *Investors Research Co. v.*

*United States Dist. Court for Cent. Dist.*, 877 F.2d 777 (9th Cir., 1989).  Where, as here, there are

legal and factual distinctions such that full consolidation is not appropriate, courts have chosen to

coordinate pre-trial proceedings, in order to achieve judicial economy and efficiency without

potentially prejudicing conflicting strategic visions. *Rancho Agricola Santa Monica v. Westar*

*Seeds Int'l, Inc.,* 2009 U.S. Dist. LEXIS 89741, at *5-6 (S.D. Cal. Sept. 29, 2009) ("potentially

significant legal and factual differences between [] actions caution against the premature

consolidation of the [] actions").

Here, Plaintiff Copeland raises legal claims not raised in either the *H-P Consolidated*

*Action* or in *Saginaw*.  He is the only one of the H-P shareholders who has challenged the

Board's reckless decision to engage in a bidding war to acquire 3Par for $ 2.3 billion, as well as

the election of directors at H-P's 2011 Annual Meeting, and he has sought relief distinctive to

such claims.  Furthermore, *Copeland* is a demand-made action, and is thereby governed by

wholly different legal standards than the other two demand-futile actions.

8

1     Under Delaware law, the source of substantial jurisprudence on the subject, the

2 distinction between the two types of cases is quite clear:[5]

3

> The focus of a complaint alleging wrongful refusal of demand is different from
> the focus of a complaint alleging demand futility. The legal issues are different;
> therefore, the legal standards applied to the complaints are necessarily different. A
> shareholder plaintiff, by making demand upon a board before filing suit, "tacitly
> concedes the independence of a majority of the board to respond. Therefore,
> when a board refuses a demand, the only issues to be examined are the good faith
> and reasonableness of its investigation." *Spiegel v. Buntrock*, 571 A.2d 767, 777
> (Del. 1990). When a shareholder files a derivative suit asserting a claim of
> demand futility, hence demand excused, the basis for such a claim is that the
> board is (1) interested and not independent; and (2) that the transaction attacked is
> not protected by the business judgment rule. *Aronson v. Lewis*, 473 A.2d 805,
> 814 (Del. 1984).

*Levine v. Smith*, 591 A.2d 194, 212 (Del. 1991). Establishing demand futility is a relatively

"onerous" burden for any plaintiff. *Bakerman v. Sidney Frank Importing Co.*, C.A. No. 1844-N,

2006 WL 3927242, at *7 (Del. Ch. Oct. 10, 2006); *see also Palmetto v. Freeman (In re

VistaCare, Inc.)*, 2006 U.S. Dist. LEXIS 62021 (D. Ariz. Aug. 29, 2006) (stringent requirements

for establishing demand futility).[6]

     Demand-made cases, on the other hand, focus on the wrongful nature of a Board's

actions and its response to the demand. *Knopf v. Semel,* No. 08-3658, 2010 U.S. Dist. LEXIS

35925, at *20-21 (N.D. Cal. March 17, 2010) (the only relevant question is whether the Board

acted in an informed manner, with due care and in good faith). Plaintiff Copeland's Demand

Letters sets the stage for this dispute. In a demand-made case, the corporation rejecting the

---

[5] H-P is incorporated in Delaware.

[6] Although, as his Demand Letters clearly demonstrate, Plaintiff Copeland specifically did not
concede the independence or disinterestedness of any members of H-P's Board in making his
pre-suit demands (which were made for the sole purpose of giving H-P the first opportunity to
bring suit itself), once the Board created the sham "Committee" under the circumstances as
alleged by Plaintiff Copeland, any arguable concession evaporated. In his Complaint, Plaintiff
Copeland alleged the reasons why the "Committee" was a sham and why its creation and
conduct amounted to a *de facto* rejection by the Board of the claims in his two Demand Letters.

9

demand has the burden of demonstrating that: (1) the directors were independent and disinterested relative to the decision; (2) the directors acted in good faith and with due care in their investigation; and (3) the decision was based on a rational business purpose or the board considered all reasonably available material facts. *Knopf*, 2010 U.S. Dist. LEXIS 35925, at *22.

Federal courts have recognized the important distinctions between demand-made and demand-futile actions and have structured shareholder derivative litigations accordingly by appointing separate lead counsel. *See, e.g., In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, No. 02-CV-6302 (S.D.N.Y.) (Judge Kram segregated the "Demand" cases from the "No Demand" cases and appointed separate lead counsel) (attached as Exhibit A); *Henry, et al. v. Brendsel, et al. ("Freddie Mac")*, Case No. 03-1539A (E.D. Va.) (Judge Cacheris appointed separate "Demand Excused" and "Demand Made" Lead Plaintiffs and Lead Counsel to reflect the divergent positions of the different plaintiffs and their respective counsel); *Louisiana Municipal Police Employees Retirement System v. McDaniel, et al.*, No. 08-cv-9323 (S.D.N.Y.) (Judge Daniels in *McDaniel* and related cases recognized "the different legal and factual positions of various plaintiffs relative to Nominal Defendant Moody's Corporation," and appointed one counsel for the "Demand Futile" cases and two counsel for the "Demand Made" case) (attached as Exhibit B). Indeed, the vulnerability of demand-futile actions (as compared to demand-made actions) is precisely what was manifested in a related *Freddie Mac* action, No. 05-cv-2596 (S.D.N.Y.), before the late Judge John Sprizzo, where the Court dismissed the complaint of the plaintiff who had failed to make a demand on Freddie Mac's Board of Directors, while leaving in place the complaint filed by the shareholders who had made a demand.

MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE RELATED ACTIONS FOR PRE-TRIAL PROCEEDINGS AND FOR OTHER RELIEF, CASE NO. 11-cv-01058 (EJD)(PSG)

1      Accordingly, while *Copeland* and the *H-P Consolidated Action* and *Saginaw Action*

2  involve overlapping defendants, the *Copeland* claims are more far-reaching and there are

3  material procedural, legal, and factual differences between the cases such that coordination (as

4  opposed to consolidation) of the pre-trial proceedings is appropriate.

5

6  **B.    SFMS And G&G Should Be Appointed**
   **Lead Counsel In The Demand-Made Cases**

7      The Ninth Circuit explicitly recognizes the benefit that inures to all parties in complex,

8  multi-party litigations by the appointment of lead counsel to coordinate motions and discovery

9  proceedings and thereby eliminate duplication and repetition. *Vincent v. Hughes Air West, Inc.*,

10 557 F.2d 759, 774-775 (9th Cir. 1977); *see also Manual for Complex Litigation (Fourth) 10.22*

11 *(2004)* ("Traditional procedures in which…each attorney files motions, presents arguments, and

12 examines witnesses, may waste time and money, confuse and misdirect the litigation, and burden

13 the court unnecessarily.  Instituting special procedures for coordination of counsel early in the

14 litigation will help to avoid these problems.").

15     Here, Plaintiff Copeland is represented by SFMS and G&G, both of which firms have

16 extensive experience in the prosecution of complex shareholder and securities fraud cases, as

17 well as other complex litigation, and have the resources necessary to efficiently conduct this

18 litigation.  Since being retained by Plaintiff Copeland, SFMS and G&G have creatively and

19 vigorously pursued the interests of H-P and its shareholders.  Plaintiff Copeland has not filed a

20 quickly drafted complaint and, as evidenced by his Demand Letters, his counsel has conducted

21 substantial pre-litigation research, has interviewed knowledgeable people and has focused on the

22 issues that are most significant to the case.  More importantly, Plaintiff Copeland has filed a

23 Complaint which is not vulnerable to dismissal on either pre-suit demand or any other grounds.

11

As such, the Court should appoint SFMS and G&G as Co-Lead Counsel for *Copeland* and all subsequently filed or transferred inter-related demand-made cases.

### C.   The *Copeland* Complaint Should Be The Operative Complaint

Pursuant to Rule 42(a) and for purposes of efficiency, inasmuch as other H-P shareholders have made pre-suit demands on H-P's Board and can be expected to commence related litigation within the next few months, Plaintiff Copeland requests that subsequently filed or transferred actions asserting demand-made claims related to the allegations in the *Copeland* Complaint, should be consolidated with *Copeland*, and the *Copeland* Complaint should be designated the operative complaint for all demand-made actions.

### V.   CONCLUSION

For the foregoing reasons, and in order to promote judicial economy and to avoid prejudice to the parties, Plaintiff Copeland respectfully requests that the Court consolidate, for pre-trial coordination purposes, the above-captioned cases, but exclude the *Copeland* case from Judge Ware's November 1, 2010 consolidation order in the *H-P Consolidated Action*, and appoint SFMS and G&G as Co-Lead Counsel to coordinate the prosecution of the *Copeland* case with all related demand-made actions that may be filed.  In connection with his request for relief, Plaintiff Copeland submits with this Motion a [Proposed] Consolidation Order for the Court's adoption and requests that a Case Management Conference be scheduled.

Dated: May 27, 2011

/s/ Richard D. Greenfield
Ilene F. Brookler (Bar #269422)
Richard D. Greenfield *(Pro Hac Vice* Application
Pending)
Marguerite R. Goodman
GREENFIELD & GOODMAN, LLC
250 Hudson Street, 8th Floor
New York, NY 10013
Tel: 917-495-4446
ibrookler@gmail.com

12

1
2

whitehatrdg@earthlink.net
twowhitehats@earthlink.net

3

  /s/ Rose F. Luzon
Rose F. Luzon (Bar #221544)

4

SHEPHERD, FINKELMAN, MILLER
& SHAH, LLP

5

401 West A Street, Suite 2350
San Diego, CA  92101

6

Tel.: 619-235-2416
rluzon@sfmslaw.com

7
8

Scott R. Shepherd
SHEPHERD, FINKELMAN, MILLER

9

& SHAH, LLP
35 E. State Street

10

Media, PA  19063
Tel: 610-891-9880

11

sshepherd@sfmslaw.com

12

Lesley E. Weaver (Bar #191305)

13

SHEPHERD, FINKELMAN, MILLER
& SHAH, LLP

14

199 Fremont Street, 20th Fl.
San Francisco, CA  94105-2255

15

Tel: 415-992-7282
lweaver@sfmslaw.com

16
17

Patrick A. Klingman

18

SHEPHERD, FINKELMAN, MILLER
& SHAH, LLP

19

65 Main Street
Chester, CT  06412

20

Tel.: 880-526-1100
pklingman@sfmslaw.com

21
22

Counsel for Plaintiff, A.J. Copeland

23
24
25
26
27
28

13

MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE RELATED ACTIONS FOR PRE-TRIAL
PROCEEDINGS AND FOR OTHER RELIEF, CASE NO. 11-cv-01058 (EJD)(PSG)

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE: AOL TIME WARNER                    MASTER FILE NO. 02-CV-6302
SHAREHOLDER LITIGATION

This Document Relates to All Actions

WILLIAM FULLERTON and                     Civil Action No. 03 CV 9860
HARDING WILLINGER,
Derivatively on Behalf of Nominal
Defendant TIME WARNER, INC.,

        Plaintiffs,

     v.

JAMES L. BARKSDALE, et al,

        Defendants,

     and                          JURY TRIAL DEMANDED

TIME WARNER, INC.,

        Nominal Defendant.

---

## ▇▇▇▇▇▇ PRE-TRIAL ORDER NO. 2

NOW, this 26 day of May_____, 2004, upon the Motion of Plaintiffs

Fullerton and Willinger to Modify Unopposed Pre-Trial Order No. 1, it is hereby ORDERED that

in the interests of judicial economy and the materially differing legal and factual positions of the

various plaintiffs relative to Nominal Defendant Time Warner, Inc., formerly known as AOL

Time Warner, Inc. ("TW"):

   1.    The Motion of Plaintiffs Fullerton and Willinger is GRANTED.

## MASTER FILE, MASTER DOCKET AND SEPARATE ACTION DOCKETS

2.     The caption of this action shall be "Time Warner Shareholder Derivative Litigation" and the files of this action shall be maintained in one file under Master File No. 02-CV-6302. Any other shareholder derivative actions now pending or hereafter filed in this District which arise out of the same facts as alleged in the above-identified cases shall be coordinated for all purposes if, as, and when they are drawn to the Court's attention.

3.     A Master Docket and a Master File are hereby established for the consolidated proceedings in all of the actions to be coordinated herein and in all other cases filed in, or transferred to this Court and coordinated herewith (hereinafter the "Consolidation Actions"). Entries in said Master Docket shall be applicable to the Coordinated Actions as more fully set forth below. Separate dockets shall also be maintained for each of these Coordinated Actions, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

4.     When a pleading is filed and the caption, pursuant to ¶9, infra, shows that it is to be applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No further copies need be filed or docket entries made.

5.     When a pleading is filed and the caption, pursuant to ¶9, infra, shows that it is to be applicable to fewer than all of these coordinated actions (e.g. to individual actions; actions by TW shareholders who made demands on TW's Board of Directors), the Clerk need file such pleading only in the Master File but nonetheless shall note such filing in both the Master Docket and the docket of each such action.

2

## NEWLY FILED OR TRANSFERRED ACTIONS

6.     When a case which properly belongs as part of <u>Time Warner Shareholder</u>

<u>Derivative Litigation</u> is hereafter filed in this Court, or transferred here from another Court and

assigned to Judge Kram, the Clerk of this Court shall:

    (a)     Place a copy of this Order in the separate file for such action.

    (b)     Mail to the attorneys for the plaintiff(s) in the newly-filed or transferred case a

         copy of this Order and direct that this Order be served upon or mailed to any new

         defendant(s) in the newly-filed or transferred case, or their counsel.

    (c)     Make an appropriate entry in the Master Docket. This Court requests the

         assistance of counsel in calling to the attention of the Clerk of this Court the filing

         or transfer of any cases which might properly be coordinated as part of <u>Time</u>

         <u>Warner Shareholder Derivative Litigation.</u>

7.     This Pre-Trial Order No. 2 shall supersede Pre-Trial Order No. 1 and shall apply

to each of the shareholder derivative actions presently on file or which shall be subsequently filed

in this Court or transferred to this Court which is related to <u>Time Warner Shareholder Derivative</u>

<u>Litigation</u> unless a party objecting to the coordination of such case or to any other provision of

this Order shall, within 10 days after the date upon which a copy of this Order is mailed to

counsel for such party, file an application for relief from this Order or any provision herein, and

this Court deems it appropriate to grant such application.

## CAPTION OF CASES

8.    Every pleading filed in this action, or in any actions subsequently consolidated

herewith shall bear the following caption:

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIME WARNER SHAREHOLDER<br>DERIVATIVE LITIGATION | Master File No. 02-CV-6302 (SWK) |
| This Document Relates To: | |

9.    When a pleading is intended to be applicable to all actions to which this Order is

applicable, the words "All Actions" shall appear immediately after the words "This Document

Relates To:" in the caption set out above. When a pleading is intended to be applicable only to

some, but not all, of such actions, this Court's docket number for each individual action to which

the paper is intended to be applicable and the last name of the first-named plaintiff in said action

shall appear immediately after the words "This Document Related To:" in the caption described

"02-CV6302."

## APPOINTMENT OF LIAISON AND LEAD COUNSEL

10.    The leadership structure of plaintiffs' conduct of these actions and in any actions

subsequently coordinated herewith, shall consist of:

## NO "DEMAND" CASES

Liaison and Lead Counsel in the cases where no demand has been made on TW's Board of

Directors pursuant to Rule 23.1, Fed.R.Civ.P as set forth below:

LEE S. SHALOV (LS 7118)
SHALOVE STONE & BONNER
485 Seventh Avenue (Suite 1000)
New York, NY 10018
(212) 239-4340

4

Plaintiffs' Liaison Counsel
("No Demand" Cases)

JOHN G. EMERSON, JR.
THE EMERSON FIRM
P.O. Box 25336
Little Rock, AR 72221-5336
(501) 907-2555
(501) 907-2556 (fax)

Plaintiffs" Lead Counsel
("No Demand" Cases)

## "DEMAND" CASES

Co-Lead Counsel in the cases where demand(s) have been made on TW's Board of Directors

pursuant to Rule 23.1, Fed.R.Civ.P:

MORRIS AND MORRIS LLC
COUNSELORS AT LAW
Karen L. Morris (KM-2814)
1105 N. Market Street, Suite 803
Wilmington, DE 19801
(302) 426-0400
(302) 426-0406 (fax)

GREENFIELD & GOODMAN LLC
Richard D. Greenfield (RG-4046)
24579 Deep Neck Road
Royal Oak, MD 21662
(410) 745-4149
(410) 745-4158 (fax)

Plaintiffs' Co-Lead Counsel
("Demand" Cases)

       11.    Plaintiffs' Liaison Counsel in the "No Demand" Cases also shall be

available and responsible for communications to and from this Court, including the

distribution to counsel of Orders and other directions from the Court. Plaintiffs' Liaison

5

Counsel shall be responsible for the creation and maintenance of a master service list of all parties and their respective counsel.

12.  Plaintiffs' Lead Counsel in the respective "Demand" and No Demand" cases shall have authority to speak for plaintiffs in matters regarding pre-trial procedure and settlement negotiations in their respective cases, and shall make all work assignments in such manner as to  facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

13.  Plaintiffs' respective Lead Counsel shall be responsible for the coordination of all activities and appearances on behalf of plaintiffs in their respective "Demand" and "No Demand" cases, and for the dissemination of notices and orders of this Court.  No motion, request for discovery, or other pre-trial proceedings shall be initiated or filed by any plaintiffs except through plaintiffs' Lead Counsel in the respective "Demand" and "No Demand" cases.

14.  Defendants' counsel may rely upon all agreements made with plaintiffs' Lead Counsel in the respective "Demand" and "No Demand" cases (or other duly authorized representatives of the plaintiffs therein), and such agreements shall be binding on the respective plaintiffs.

15.  Defendants shall effect service of papers on plaintiffs by serving a copy of same on plaintiffs' Lead Counsel in the respective "Demand" and "No Demand" cases by overnight mail service or hand delivery unless otherwise agreed.  Plaintiffs shall effect service of papers on defendants by serving a copy of same on defendants' counsel by overnight mail service or hand delivery, unless otherwise agreed.

## SCHEDULE OF PROCEEDINGS

16.    This case is related in some ways with the consolidated securities class actions pending before this Court as "IN RE AOL TIME WARNER, INC., SECURITIES LITIGATION" under No. 02-CV-5575 (SWK).

17.    The "No Demand" cases are hereby stayed during the pendency of this Court's ruling in No. 02-CV-5575 (SWK) on any defendants' motion to dismiss the consolidated class action complaint in that action.  In the event that the motion to dismiss the consolidated securities class action is denied, the stay of the "No Demand" shareholder derivative action shall be vacated thirty (30) days thereafter. Plaintiffs in the "No Demand" shareholder derivative actions shall then file an Amended Complaint ("Amended Complaint") no later than 75 days from the date of the entry of an order denying defendants' motion to dismiss the consolidated securities class action complaint in No. 02-CV-5575, unless otherwise agreed between the parties, which shall be deemed the operative complaint in the "No Demand" derivative cases, superseding all complaints filed in such cases, or any of the "No Demand" actions to be coordinated hereunder or in any related cases. Defendants shall have 60 days after the filing and service of the Amended Complaint in the "No Demand" cases to answer or otherwise respond thereto. In the event that defendants file any motions directed at the Amended Complaint, counsel are to meet and confer and report to the Court with regard to an acceptable briefing and hearing schedule for such motions.

18.    With respect to the "Demand" case or cases, the parties thereto are directed to meet and confer with respect to whether defendants will respond to the

7

Complaint at this time, move against it or present to the Court some other proposal for

further proceedings.

_Shirley Wohl Kram_

SHIRLEY WOHL KRAM
UNITED STATES DISTRICT COURT
JUDGE

dated: May 25, 2004
New York, N.Y.

Submitted by:

January 20, 2004

MORRIS AND MORRIS LLC
COUNSELORS AT LAW

_Karen L. Morris_   /s/

Karen L. Morris (KM-2814)
1105 N. Market Street, Suite 803
Wilmington, DE 19801
(302) 426-0400
(302) 426-0406 (fax)

GREENFIELD & GOODMAN LLC

_Richard D. Greenfield_   /s/

Richard D. Greenfield (RG-4046)
24579 Deep Neck Road
Royal Oak, MD 21662
(410) 745-4149
(410) 745-4158 (fax)

ANN MILLER, LLC
Ann Miller
834 Chestnut Street, Suite 206
Philadelphia, PA 19107
(215) 238-0468
(215) 574-0699 (fax)

Counsel for Plaintiffs Fullerton and Willinger

8

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LOUISIANA MUNICIPAL POLICE EMPLOYEES
RETIREMENT SYSTEM, Derivatively and on Behalf of
MOODY'S CORPORATION,

               Plaintiff,

    vs.

RAYMOND W. McDANIEL, JR., JOHN K. WULFF,
BASIL L. ANDERSON, ROBERT R. GLAUBER,
EWALD KIST, CORNELIUS A. McGILLICUDDY III,
HENRY A. McKINNELL JR., NANCY S. NEWCOMB,
BRIAN M. CLARKSON, MARK E. ALMEIDA, NOEL
KIRNON, ANDREW E. KIMBALL, LINDA S.
HUBER, MICHAEL KANEF, STEPHEN TULENKO,
JEANNE M. DERING, MICHEL MADELAIN, JOSEPH
J. McCABE, CARLTON CHARLES, and BLAIR
WORRALL,

               Defendants,

    and

MOODY'S CORPORATION,

               Nominal Defendant.

No. 1:08-CV-9323-GBD

---

W.A. SOKOLOWSKI, Derivatively on Behalf of
Nominal Defendant MOODY'S CORPORATION,

               Plaintiff,

    vs.

CORNELIUS ALEXANDER MCGILLICUDDY III,
RAYMOND W. MCDANIEL JR., BASIL L. ANDER-
SON, ROBERT R. GLAUBER, EWALD KIST, HENRY
A. MCKINNELL JR., NANCY S. NEWCOMB, JOHN
K. WULFF, JEANNE M. DERING, JOSEPH MCCABE,
MICHAEL KANEF, LINDA S. HUBER, BRIAN
CLARKSON and NOEL KIRNON,

               Defendants,

    and

MOODY'S CORPORATION,

               Nominal Defendant.

No. 1:09-CV-6063-GBD

## STIPULATION AND PRE-TRIAL ORDER NO. 1

In the interests of judicial economy and the different legal and factual positions of various plaintiffs relative to Nominal Defendant Moody's Corporation ("Moody's"), IT IS HEREBY STIPULATED AND AGREED, by and among the parties, by their undersigned counsel, as follows:

### Appearance and Acceptance of Service of Process

1.  Sullivan & Cromwell LLP hereby appears in this action on behalf of all defendants, including nominal defendant Moody's Corporation and defendants Raymond W. McDaniel, Jr., John K. Wulff, Basil L. Anderson, Robert R. Glauber, Ewald Kist, Cornelius A. McGillicuddy III, Henry A. McKinnell Jr., Nancy S. Newcomb, Brian M. Clarkson, Mark E. Almeida, Noel Kirnon, Andrew E. Kimball, Linda S. Huber, Michael Kanef, Stephen Tulenko, Jeanne M. Dering, Michael Madelain, Joseph J. McCabe, Carlton Charles, and Blair Worrall. Sullivan & Cromwell LLP agreed to, and did, accept service of process in these actions on behalf of all defendants.

### Master File, Master Docket, and Separate Action Dockets

2.  The caption of this action shall be *In re Moody's Corporation Shareholder Derivative Litigation*, and the files of this action shall be maintained in one file under Master File No. 1:08-CV-9323. Any other shareholder derivative actions brought on behalf of Moody's now pending or hereafter commenced in or transferred to this District which arise out of the same or related facts as alleged in either of the above-identified cases shall be coordinated for all purposes if, as, and when they are drawn to the Court's attention.

3.  A Master Docket and a Master File are hereby established for the proceedings in all of the actions to be coordinated herein and in all other cases filed in, or transferred to, this

1

Court and coordinated herewith (hereinafter the "Coordinated Actions"). Entries in said Master Docket shall be applicable to the Coordinated Actions as more fully set forth below. Separate dockets shall also be maintained for each of these Coordinated Actions, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified herein.

4.   When a document is filed and its caption, pursuant to ¶ 10, *infra*, shows that it is to be applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No further copies need be filed or docket entries made.

5.   When a pleading is filed and the caption, pursuant to ¶ 10, *infra*, shows that it is to be applicable to fewer than all of the Coordinated Actions (for example, only to the "Demand" actions or only to the "No Demand" actions), the Clerk need file such pleading only in the Master File but nonetheless shall note such filing in both the Master Docket and the docket of each such action.

### Newly Filed or Transferred Actions

6.   When a case which properly belongs as part of *In re Moody's Corporation Shareholder Derivative Litigation* is hereafter commenced in this Court, or transferred here from another court and assigned to Judge Daniels, the Clerk of this Court shall:

(a)   Place a copy of this Order in the separate file for such action.

(b)   Mail to the attorneys for the plaintiff(s) in the newly-filed or transferred action a copy of this Order and direct that it be served upon or mailed to any new defendant(s) in the newly-filed or transferred action or their counsel.

(c)   Make an appropriate entry in the Master Docket. This Court requests the assistance of counsel in calling to the attention of the Clerk the filing or transfer

2

of any cases which properly be coordinated as part of *In re Moody's Corporation Shareholder Derivative Litigation.*

7.     If a newly-commenced or transferred action is a shareholder derivative proceeding in which no pre-suit demand has been made on the Board of Directors of Moody's prior to commencement thereof, that action shall be consolidated with *Louisiana Municipal Police Employees Retirement System v. McDaniel*, No. 1:08-CV-9323-GBD, for all purposes, including pretrial proceedings and trial, pursuant to Federal Rule of Civil Procedure 42(a) and Rule 15 of the Southern District Rules for the Division of Business Among District Judges, and the action shall be deemed for all purposes herein as one of the "No Demand" actions.  If a newly-commenced or transferred action is a shareholder derivative proceeding in which pre-suit demand has been made on the Board of Directors of Moody's prior to commencement thereof, that action shall be consolidated with *Sokolowski v. McGillicuddy, et al.*, No. 1:09-CV-6063-GBD, for all purposes, including pretrial proceedings and trial, pursuant to Federal Rule of Civil Procedure 42(a) and Rule 15 of the Southern District Rules for the Division of Business Among District Judges, and the action shall be deemed for all purposes herein as one of the "Demand" actions.

8.     This Order shall apply to each of the shareholder derivative actions currently on file or which shall subsequently be commenced in this Court or transferred to this Court which is related to *In re Moody's Corporation Shareholder Derivative Litigation*, unless a party objecting to the coordination of such case or to any other provision of this Order shall, within fourteen (14) days after the date upon which a copy of this Order is mailed to counsel for such party, file an application for relief from this Order or any provision herein and this Court deem it appropriate to grant such application.

## Caption of Cases

9.   Every pleading filed in this action, or in any action subsequently consolidated

herewith shall bear the following caption:

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MOODY'S CORPORATION SHAREHOLDER DERIVATIVE LITIGATION | )  Lead Case No. 1:08-cv-9323 (GBD) )  ) (Derivative Action) ) |
| This Document Relates To: | ) ) ) ) ) |

10.   When a pleading is intended to be applicable to all actions to which this Order is

applicable, the words "All Actions" shall appear immediately after the words "This Document

Relates To:" in the caption above.   When a pleading is intended to be applicable only to some,

but not all, of such actions, this Court's docket number for each individual action to which the

pleading is intended to be applicable and the last name of the first-named plaintiff in said action

shall appear immediately after the words "This Document Relates To:" in the caption above.

## Appointment of Lead Counsel

11.   The leadership structure of plaintiffs' conduct of these actions and in any actions

subsequently coordinated herewith shall consist of:

**"No Demand" Actions.**   Lead Counsel in the cases where no pre-suit demand has been

made on the Board of Directors of Moody's pursuant to Fed. R. Civ. P. 23.1 shall be:

> KAHN SWICK & FOTI, LLC
> LEWIS S. KAHN
> *lewis.kahn@ksfcounsel.com*
> ALBERT M. MYERS (admitted in this Court)
> *albert.myers@ksfcounsel.com*
> KEVIN L. OUFNAC

4

*kevin.oufnac@ksfcounsel.com*
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

**"Demand" Actions.** Co-Lead Counsel in the cases where pre-suit demand(s) have been made on the Board of Directors of Moody's pursuant to Fed. R. Civ. P. 23.1 shall be:

MORRIS AND MORRIS LLC
COUNSELORS AT LAW
KAREN L. MORRIS (admitted in this Court)
*kmorris@morrisandmorrislaw.com*
PATRICK F. MORRIS
*pmorris@morrisandmorrislaw.com*
4001 Kennett Pike, Suite 300
Wilmington, DE 19807
Telephone: (302) 426-0400
Facsimile: (302) 426-0406

-and-

GREENFIELD & GOODMAN, LLC
RICHARD D. GREENFIELD (admitted in this Court)
*whitehatrdg@earthlink.net*
MARGUERITE R. GOODMAN
*twowhitehats@earthlink.net*
250 Hudson Street—8th Floor
New York, NY 10013
(917) 495-4446

12.    Plaintiffs' Lead Counsel in the respective "No Demand" and "Demand" actions shall have authority to speak for plaintiffs in matters regarding pretrial procedure and settlement negotiations in their respective actions, and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

13.    Plaintiffs' Lead Counsel shall be responsible for the coordination of all activities and appearances on behalf of plaintiffs in their respective "No Demand" and "Demand" actions, and for the dissemination of notices and orders of this Court. No motion, request for discovery,

5

or other pretrial proceedings shall be initiated or filed by any plaintiffs except through plaintiffs' Lead Counsel in the respective "No Demand" and "Demand" actions.

14.    The respective plaintiffs and their Lead Counsel in the "No Demand" and "Demand" actions will cooperate with one another and employ their best efforts to coordinate the prosecution of these actions so as to avoid duplication of effort, to promote the efficient administration of the litigation and to conserve the parties' and the Court's resources.

15.    Defendants' counsel may rely upon all agreements made with plaintiffs' Lead Counsel in the respective "No Demand" and "Demand" actions (or any duly authorized representative of plaintiffs' Lead Counsel), and such agreements will be binding on the respective plaintiffs.

16.    Defendants shall effect service of pleadings on plaintiffs by serving a copy of same on plaintiffs' Lead Counsel in the respective "No Demand" and "Demand" actions by overnight mail service or hand delivery unless otherwise agreed. Plaintiffs shall effect service of pleadings on Defendants by serving a copy of same on Defendants' counsel by overnight mail service or hand delivery, unless otherwise agreed.

17.    The parties agree that the coordination of the Demand and No Demand actions is for the procedural and administrative convenience of the Court and the parties, and does not constitute a waiver or compromise of any rights the parties would otherwise have.

Dated: June 17 2010

KAHN SWICK & FOTI, LLC

By: _____
Lewis S. Kahn
Albert M. Myers
Kevin Oufnac
650 Poydras Street, Suite 2150
New Orleans, Louisiana 70130

6

(504) 455-1400
(504) 455-1498 (fax)

*Lead Counsel for the "No Demand" Plaintiffs*

MORRIS AND MORRIS LLC
COUNSELORS AT LAW

By: _____
Karen L. Morris
Patrick F. Morris
4001 Kennett Pike, Suite 300
Wilmington, DE  19807
(302) 426-0400
(302) 426-0406 (fax)

GREENFIELD & GOODMAN, LLC

By: _____
Richard D. Greenfield
Marguerite R. Goodman
250 Hudson Street—8th Floor
New York, NY  10013
(917) 495-4446
(212) 355-9592 (fax)

*Co-Lead Counsel for the "Demand" Plaintiffs*

SULLIVAN & CROMWELL LLP

By: _____
Sharon L. Nelles
Penny Shane
Stephen Ehrenberg
125 Broad Street
New York, New York 10004
(212) 558-4000
(212) 558-3588 (fax)

*Counsel for All Defendants*

7

SO ORDERED:

DATED: 6/22/2010

2 2 JUN 2011

Honorable George B. Daniels
United States District Judge
HON. GEORGE B. DANIELS

8