United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE HP DERIVATIVE LITIGATION | CASE NO. 5:10-cv-03608 EJD<br>CASE NO. 5:11-cv-01058 EJD |
| A.J. COPELAND, | **ORDER DENYING MOTION FOR CONSOLIDATION** |
| Plaintiff(s), | |
| v. | |
| RAYMOND J. LANE, et. al., | |
| Defendant(s). | |

Presently before the court is Plaintiff A.J. Copeland's ("Copeland") Motion to Consolidate or Coordinate three cases: Copeland v. Lane, Case No. 5:11-cv-01058 EJD (the "Copeland action"); In re HP Derivative Litigation, Case No. 5:10-cv-03608 EJD (the "HP Derivative action"); and Saginaw Police & Fire Pension Fund v. Andreessen, Case No. 5:10-cv-04720 EJD (the "Saginaw action").[1]  Plaintiff in the Saginaw action filed a responsive brief indicating its non-opposition to the Motion so long as certain additions were made to Copeland's proposed order.  Plaintiffs in the HP Derivative action and Defendant Mark Hurd ("Hurd") each filed briefs substantively opposing the Motion.

Federal jurisdiction arises under 28 U.S.C. §§ 1331, 1332 and 1367.  The court has carefully

---

[1] The instant Motion appears as Docket Item No. 39 in the Copeland action and as Docket Item No. 83 in the HP Consolidated action.

1

Case Nos. 5:10-cv-03608 EJD; 5:11-cv-01058 EJD
ORDER DENYING MOTION FOR CONSOLIDATION

considered each the documents filed by all parties, including Copeland's reply, and finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). The motion hearing scheduled for December 2, 2011, is therefore vacated. Copeland's motion will be denied for as explained below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

For the purposes of clarity and to emphasize their independent nature, each of the three cases at issue are discussed under separate headings.

*In re HP Derivative Litigation*

On November 1, 2010, the court consolidated four related shareholder derivative actions previously filed against certain officers and directors of Hewlett-Packard Company ("HP").[2] Specifically, plaintiffs allege in the consolidated complaint filed December 3, 2010, that HP's Board of Directors, CEO and Chairman of the Board Hurd breached their fiduciary duty and wasted corporate assets in connection with the Board granting Hurd an "unreasonable and grossly excessive severance award upon his resignation" from HP. See Complaint, Docket Item No. 60, Case No. 5:10-cv-03608 EJD, at ¶ 1. Plaintiffs in the HP Derivative action further allege that shareholder plaintiffs did not make a pre-suit demand on the HP Board of Directors "because the Board is incapable of making an independent and disinterested decision to institute and vigorously prosecute this action." See id., at ¶ 66. According to the shareholder plaintiffs, Delaware law excuses such a pre-suit demand under these circumstances. See id., at ¶ 67.[3]

---

[2] Prior to becoming In re HP Derivative Litigation, the four cases were separately captioned as Levine v. Andreessen, Case No. 5:10-cv-03608 JW; Teamsters Union Local #142 Pension Trust v. Andreessen, Case No. 5:10-cv-03659 JW; Key West Police & Fire Pension Trust v. Andreessen, Case No. 5:10-cv-03660 JW; and Louisiana Municipal Police Employees' Retirement System v. Andreessen, Case No. 5:10-cv-03716 JW.

[3] HP is a Delaware Corporation. See Complaint, Docket Item No. 60, Case No. 5:10-cv-03608 EJD, at ¶ 12. Delaware law draws a distinction between "demand futility" cases, such as the HP Derivative and Saginaw actions, and "demand made" cases, such as the Copeland action:

> The focus of a complaint alleging wrongful refusal of demand is different from the focus of a complaint alleging demand futility. The legal issues are different; therefore, the legal standards applied to the complaints are necessarily different. A shareholder plaintiff, by making demand upon a board before filing suit, "tacitly concedes the independence of a majority of the board to respond. Therefore, when a

2

Case Nos. 5:10-cv-03608 EJD; 5:11-cv-01058 EJD
ORDER DENYING MOTION FOR CONSOLIDATION

*Saginaw Police & Fire Pension Fund v. Andreessen*

On October 19, 2010, Saginaw Police & Fire Pension Fund filed a derivative action against current and former HP officers and directors for violations of the Anti-Kickback Act of 1986, False Claims Act, Truth in Negotiations Act, and the Foreign Corrupt Practices Act. See Complaint, Docket Item No. 1, Case No. 5:10-cv-04720 EJD. Plaintiffs in the Saginaw action allege that from January 1, 2002, through December 31, 2009, HP violated these federal statutes in its dealings with government contractors, and that the officers and directors breached their fiduciary duty by allowing such violations to occur. See id. Much like the HP Derivative action, plaintiffs in the Saginaw action also allege a pre-suit demand is excused since HP Board cannot "act as a disinterested and independent check on illegal corporate action." See id., at ¶ 13.

*Copeland v. Lane*

On March 7, 2011, Copeland filed a shareholder derivative complaint against eighteen then-current and former members of HP's Board of Directors. See Complaint, Docket Item No. 1, Case No. 5:11-cv-1058 EJD. Copeland alleges the directors violated Section 14(a) of the Securities Exchange Act and breached their fiduciary duty by making false and misleading statements in a proxy statement, wasting corporate assets to acquire another business, paying bribes to obtain contracts, and authorizing the payment of an unreasonable severance to Hurd. See id. Unlike the HP Derivative and Saginaw actions, Copeland *did* make a pre-suit demand on the HP Board. See id., at ¶ 80.

## II. DISCUSSION

Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or

---

> board refuses a demand, the only issues to be examined are the good faith and reasonableness of its investigation." When a shareholder files a derivative suit asserting a claim of demand futility, hence demand excused, the basis for such a claim is that the board is (1) interested and not independent; and (2) that the transaction attacked is not protected by the business judgment rule.

Levine v. Smith, 591 A.2d 194, 212 (Del. 1991) (internal citation omitted).

3

Case Nos. 5:10-cv-03608 EJD; 5:11-cv-01058 EJD
ORDER DENYING MOTION FOR CONSOLIDATION

(3) issue any other orders to avoid unnecessary cost or delay.

The court exercises "broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Morin v. Turpin, 778 F. Supp. 711, 733 (S.D.N.Y 1991). In exercising this discretion, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984).

Here, Copeland requests a conglomeration of orders under Rule 42(a)(2), including this representative selection:

> The [Copeland, Saginaw and HP Derivative] actions are hereby consolidated for the purpose of coordinated pre-trial proceedings pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. These actions, and similar actions that may be commenced and consolidated later with these actions, shall be collectively referred to as In re HP Derivative Litigation, Master File No. 10-3608. The Copeland action is excluded from Judge Ware's November 1, 2010 consolidation order in In re HP Derivative Litigation, Case No. 10-cv-3608 (EJD).
> ....
> A Master Docket and Case File is hereby established for the consolidated pre-trial proceedings in this action....When a pleading is intended to be applicable to all actions to which this Order is applicable, the words "All Actions" shall appear immediately after the words, "This Document Relates To:" in the caption set out above. When a pleading is intended to be applicable only to some, but not all, of such actions, this Court's docket number for each individual action to which the pleading in intended to be applicable and the name of that case...shall appear immediately after the words "This Document Relates to:" Henceforth, the parties will use this method of captioning exclusively, and the parties will not use individual case captions as the caption for any documents filed with the Court.
> ....
> All subsequently filed or transferred shareholder derivative actions asserting "demand-made" claims related to the allegations in the Copeland Complaint, should be consolidated with Copeland, and the Copeland Complaint should be designated the operative complaint for all demand-made actions.
> ....
> This order shall apply to each civil action alleging claims similar to those set forth in In re HP Derivative Litigation... which is subsequently filed or transferred to this Court, unless the Court otherwise orders upon motion of a party moving for relief from this Order or from any of its provisions within twenty (20) days after the date upon which the Clerk of the Court mails a copy of this Order to counsel for that party.

Copeland argues the proposed coordination order will promote judicial economy and avoid prejudice to the parties mainly because (1) the facts underlying the Copeland, Saginaw and HP

4

Case Nos. 5:10-cv-03608 EJD; 5:11-cv-01058 EJD
ORDER DENYING MOTION FOR CONSOLIDATION

1  Derivative actions all arise from a common general fact, namely the "unprecedented failures of
2  corporate governance by the HP Board," (2) the cases are at similar stages of litigation, and (3) the
3  parties can consolidate overlapping discovery proceedings. But while Copeland believes a
4  generalized common thread justifies pendente lite coordination, he does not believe this
5  commonality can endure through trial due to the inherent differences between his "demand made"
6  case and the other two "demand futility" cases.

7  Plaintiff in the Saginaw action does not oppose the coordination order requested by Copeland
8  so long as it may continue to pursue its own lawsuit and have its attorneys appointed lead counsel
9  for all "demand futility" lawsuits.

10  For their part, plaintiffs in the HP Derivative action and Hurd collectively oppose
11  coordination. Aside from the fact that the three cases involve a collection of distinct parties, they
12  each point out that (1) many questions of law and fact are not common to the three lawsuits, (2)
13  there are significant legal and procedural differences in the way derivative cases are handled,
14  depending on whether they are "demand made" or "demand futile," (3) the Copeland action includes
15  claims not raised in either the HP Derivative or Saginaw actions, (4) any pre-trial coordination or
16  consolidation would lead to confusion, and (5) Copeland's request for consolidation of future cases
17  and appointment of his attorneys as lead counsel is inappropriate.

18  The court has carefully considered the positions of Copeland and the Saginaw plaintiff, on
19  the one hand, and the HP Derivative plaintiffs and Hurd on the other, and finds the latter more
20  persuasive and indeed more appropriate to the current circumstances for several reasons. First, as
21  Copeland even concedes, his "demand made" case is categorically different from the HP Derivative
22  and Saginaw actions, and for this reason will ultimately be analyzed under a different legal standard.
23  While Copeland attempts to emphasize the few similarities between the cases and describe their
24  factual underpinnings in a general sense, it is clear that the unique characteristics of each case will
25  predominate even at the pre-trial stage.

26  Second, coordination of the cases for pre-trial proceedings in the manner requested by
27  Copeland is unnecessary. The Copeland, Saginaw and HP Derivative actions are each pending in
28  the same court, assigned to the same district judge, and are referred to the same magistrate judge for

5
Case Nos. 5:10-cv-03608 EJD; 5:11-cv-01058 EJD
ORDER DENYING MOTION FOR CONSOLIDATION

discovery disputes. If pre-trial coordination does become necessary at some point, it can be easily accomplished through the issuance of discrete joint orders or the scheduling of joint hearings without the need for actual consolidation or coordination, and certainly without the detailed - and seemingly onerous - set of orders requested by Copeland. As such, coordinating or consolidating the cases for pre-trial proceedings or otherwise is neither more efficient nor more effective than simply maintaining the cases on separate, yet similar, litigation tracks.

Third, coordinating the cases in the manner proposed by Copeland would lead to confusion for the court, the clerk, and the parties themselves. Pre-trial coordination would jumble all three cases into one indistinguishable morass of defendants, factual allegations and legal theories. Motions and other pleadings applicable to one case and not the others would become lost in the evitable swarm of paperwork generated by the mega-case, leaving it up to the clerk and the court to sort out the mess. The confusion arising from such a potential quagmire would layer additional complexity on top of three cases already sufficiently complicated. Indeed, Copeland implicitly recognizes the potential for confusion since his proposed order includes a detailed process for a task as simple as filing documents. And the fact that coordination would last only during pre-trial proceedings does not alleviate the problem - it is during this critical time that organization of parties, claims and allegations is most important.

Fourth, the court agrees with the HP plaintiffs and Hurd that Copeland's request for automatic consolidation of future unknown cases and appointment of his attorneys as lead counsel is entirely premature. At this time, the Copeland action is the only "demand made" action pending before this court. The court will not issue orders of the type requested designed solely for the benefit of Copeland or his attorneys when no such order is required.[4]

In conclusion, the court sees no benefit to coordinating the Copeland, Saginaw and HP Derivative actions or to appointing Copeland's attorneys as lead counsel for an unknown group of "demand made" cases. While some of the parties have requested the court postpone ruling on this motion until after the resolution of the motions to dismiss, such a delay is unwarranted. Based on

---

[4] The same reasoning applies to the additional orders requested by the Saginaw plaintiffs.

1 what has been presented, it does not appear that consolidation would promote the purpose
2 underlying Rule 42, but instead would create inefficiency, confusion and potential prejudice.
3 Accordingly, Copeland's motion for consolidation or coordination will be denied in its entirety.

### III. ORDER

The motion hearing scheduled for December 2, 2011, is VACATED. Copeland's Motion to Consolidate or Coordinate (Docket Item No. 39 in the <u>Copeland</u> action; Docket Item No. 83 in the <u>HP Derivative</u> action) is DENIED.

With regard to the Case Management Conferences also scheduled for December 2, 2011, a separate order addressing case scheduling will issue in short order.

**IT IS SO ORDERED.**

Dated: November 28, 2011



EDWARD J. DAVILA
United States District Judge

Case Nos. 5:10-cv-03608 EJD; 5:11-cv-01058 EJD
ORDER DENYING MOTION FOR CONSOLIDATION

7